UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20483-CR-GOLD/GOLDBERG

UNITED STATES OF AMERICA

vs.

ANDRE DOUGAN,

Defendant.
_____/

NIGHT BOX
FILED

FEB 0 5 2004

CLARENCE MADDOX
CLERK, USDC / SD / MIA

## GOVERNMENT'S RESPONSE TO THE MOTION IN LIMINE

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby files the following response to Defendant Andre Dougan's Motion *in Limine* to Preclude the Introduction of Post Criminal Convictions. For the reasons set forth below, the defendant's motion should be denied.

### General Background

This case involves a conspiracy to smuggle narcotics into the United States using cruise ship passengers and crew members that has existed from at least September 20, 2000 through April 23, 2003. On August 21, 2003, a Federal Grand Jury sitting in the Southern District of Florida returned a seventeen (17) count Second Superseding Indictment against twenty (20) defendants including Andre Dougan and Oraine Selvin, the defendants involved in the trial beginning February 9, 2004. Andre Dougan is charged in counts one (1) and two (2), conspiracy to import and conspiracy to possess with intent to distribute over five (5) kilograms of cocaine, counts six (6) and seven (7), importation of and possession with intent to distribute over five (5)

kilograms of cocaine in July of 2002, counts fourteen (14) and fifteen (15), importation of and possession with intent to distribute over five (5) kilograms of cocaine in November of 2002, and counts sixteen (16) and seventeen (17), importation of and possession with intent to distribute over five (5) kilograms of cocaine in February of 2003.

The evidence against Andre Dougan, one of the leaders in the conspiracy, includes his recruitment of several individuals from North Carolina and Pennsylvania to take cruises from Miami, Puerto Rico, Cape Canaveral, Boston, New York, and Ft. Lauderdale to various locations in the Caribbean in order to pick up large quantities of cocaine for transport back to the United States. The scheme involved having one set of individuals, recruited cruise ship passengers, pick up cocaine from co-conspirators in St. Maarten, Panama, Aruba, Curacao, or other locations. The passengers would then smuggle the cocaine back on to their cruise ship and give the cocaine to employees of the cruise ship who were part of the conspiracy. The employees would then hide the cocaine aboard the cruise ship. In a subsequent cruise, other passengers who had been recruited into the conspiracy would then collect cocaine from the cruise ship employees. The second set of passengers would then carry the cocaine off the cruise ships in Key West.

Law enforcement made several seizures. On November 11, 2002, law enforcement seized over thirty-eight (38) kilograms of cocaine in Miami, Florida. On February 11, 2003, authorities seized over thirty-one (31) kilograms of cocaine in Key West, Florida. On April 20, 2003, authorities seized sixty-two (62) kilograms of cocaine, three (3) kilograms of crack cocaine, and one (1) kilogram of heroin.

Dougan was arrested on June 10, 2003. After his arrest Dougan waived his <u>Miranda</u> rights and agreed to cooperate with authorities. During his initial interview, DOUGAN confessed to recruiting couriers to bring in cocaine on various cruise ships. He gave consent to search his hotel room where he was living, and he was found in possession of $8,000, as well as a narcotics scale.

## Other Crimes Evidence

The other crimes evidence that the Government seeks to introduce are Dougan's certified felony convictions for the following drug charges: 1) possession with intent to manufacture, sell, and deliver a schedule II controlled substance (cocaine) in <u>State of North Carolina v. Andre Dougan</u>, Court Docket No. 1994CRS013866, Date of Offense: June 1, 1994, Disposition Date: February 14, 1995; and 2) possession with intent to sell and deliver schedule II controlled substance (cocaine) in <u>State of North Carolina v. Andre Dougan</u>, Court Docket No. 1997CRS012482, Date of Offense: April 25, 1997, Disposition Date: August 20, 1997.

## Analysis

Federal Rule of Evidence 404(b) provides that evidence of bad acts or "other crimes" may be admissible to show proof of intent, knowledge, or absence of mistake or accident. Evidence of other crimes or acts is evaluated under a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the prior act occurred and the defendant committed the act; and (3) the probative value of the introducing the evidence outweighs any prejudicial effect. <u>United States v. Zapata</u>, 139 F.3d 1355,1357 (11th Cir. 1998); <u>United States v. Beechum</u>, 582 F.2d 898, 911 (5th Cir. 1978).

First, the "other crimes" evidence is sought to show the defendant's intent, state of mind, knowledge, absence of mistake or accident to possess with intent to distribute cocaine – as charged in the Superseding Indictment – a proper purpose.[1] As stated in his motion *in limine* Dougan's defense is that he did not participate in the transactions and did not knowingly recruit these individuals for the purposes alleged. Essentially, Dougan is claiming that while he may have recruited the people as alleged, he did so without knowledge that drugs were involved. Thus, his prior convictions for drug trafficking in cocaine and crack cocaine are probative of the Government's proving that he had the intent to traffic in cocaine, he had the knowledge to do so and knowledge of the scheme, and that he was not involved in this scheme by some mistake or accident. Rebutting these exact claims is what Rule 404(b) was designed to do, and the Eleventh Circuit has endorsed the use of such evidence in myriad cases.

In Zapata, the Eleventh Circuit stated, "[a] defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." Id. at 1358; see also United States v. Delgado, 56 F.3d 1357, 1365-66 (11th Cir. 1995) (holding a defendant who enters a not guilty plea makes intent a material issue and renders the "other crimes" evidence relevant). Where the defendant's state of mind in committing the "other crimes" evidence and that of the charged offense is the same for both offenses, the "other crimes" evidence is relevant.

---

[1] Should the court rule that the evidence is not admissible under Fed.R.Evid. 404(b), it may be relevant evidence for cross examination of defense witnesses or of the defendant.

-4-

In the instant case, the defendant is charged with the possession with intent to distribute cocaine, which involves the same intent as the "other crimes" evidence. The defendant has pled not guilty to the instant offense and has taken no affirmative steps to take out the issue of intent. Thus, the "other crimes" evidence is relevant. Even if the defendant takes affirmative steps to remove intent as an issue, Rule 404(b) evidence is proper to rebut the defendant's theory of the case. United States v. Cardenas, 895 F.2d 1338, 1345-46 (11th Cir. 1998).

The "other crimes" evidence also shows the defendants' knowledge and absence of mistake in connection with the conspiracies and the substantive drug trafficking crimes. Counts one and two charge conspiracies thereby requiring proof of the specific intent of the actors. See e.g. United States v. Garcia-Pena, 743 F.2d 1462, 1464 (11th Cir. 1984) (conspiracy requires proof of "deliberate, knowing, specific intent to join the conspiracy") (citations omitted); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1369 (11th Cir. 1994) (to prove an illegal attempt, the evidence must show that the defendant had the specific intent to engage in criminal conduct and that he took a substantial step toward commission of the offense). Accordingly, in such crimes, the intent and overall state of mind of the defendant is at issue once the defendant pleads not guilty as Dougan has here.

Second, the "other crimes" evidence must be established by sufficient proof to allow the jury to find that the defendant committed the 404(b) act. If the "other crimes" evidence involves showing a conviction, the second prong is met. Zapata, 139 F.3d at 1358; Delgado, 56 F.3d at 1365. Here, the "other crimes" evidence involves a certified conviction; this provides the jury with sufficient proof that the acts occurred.

Third, the "other crimes" evidence sought to be introduced is highly probative and is not substantially outweighed by undue prejudice. In considering the probative value of the "other crimes" evidence, the Eleventh Circuit has instructed courts to consider the degree of similarity between the 404(b) evidence and the charged offense. Delgado, 56 F.3d at 1366. Here, both offenses involve the distribution of cocaine. It is of no moment that some of the other crimes evidence includes crack cocaine rather than powder. Not only were both substances seized in connection with this case, cocaine powder can readily be converted to crack cocaine by cooking it.

Additionally, the Eleventh Circuit has repeatedly held that "extrinsic drug offenses do not tend to incite a jury to an irrational decision" and thus, do not result in undue prejudice to the defendant. Id. at 1366; Zapata, 139 F.3d at 1358. Moreover, the Government has sought to introduce only the certified convictions to limit further any prejudicial effect on the jury from this evidence. Finally, the jury could be cautioned after hearing the "other crimes" evidence that such evidence should only be used for the limited purpose of considering the defendant's intent or state of mind. That same cautionary instruction could be given in the Court's final charge to the jury.

## Conclusion

WHEREFORE, based on the foregoing, the United States requests that this Court deny Defendants' motion *in limine*.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
DAVID A. GARDEY
ASSISTANT UNITED STATES ATTORNEY
Court Assigned No. A5500546
8245 N.W. 53rd Street, Suite 101
Miami, Florida 33166
Tel: (305) 597-2088
Fax: (305) 597-2020

By: _____
JOHN J. DELIONADO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0499900
99 NE 4th St.
Miami, Florida 33132-2111
Tel: (305) 961-9082
Fax: (305) 536-7213

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by facsimile and United States mail this 5th day of February, 2004, to:

Steven E. Chaykin, Esq.
201 S. Biscayne Blvd., Ste. 900
Miami, FL 33131

_____
Assistant United States Attorney